UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

AZA PIRIUS,

    Plaintiff,

v.

SOUTHWEST RECOVERY SERVICES, INC.,

    Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff Aza Pirius (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a

4. violation of the FDCPA with standing to bring this claim under 15 U.S.C. 1692k(a).

5. Defendant Southwest Recovery Services, Inc. (hereinafter "Defendant"), is a "debt collector," as defined by § 1692a(6) of the FDCPA, operating from an address of 15400 Knoll Trail Drive Suite 300 Dallas, TX 75248.

## FACTUAL SUMMARY

6. Sometime prior to April 2012 upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

### Defendant's Communications With Plaintiff's Employer

8. On May 15, 2012 Defendant called Plaintiff's work in an attempt to collect the alleged debt, which was a "communication" as defined by 15 U.S.C. § 1692a(2).

9. Defendant spoke with Plaintiff's employer and requested that Plaintiff return the call.

10. Defendant failed to identify as a debt collector attempting to collect a debt as required by 15 U.S.C. § 1692e(11).

11. Defendant's message failed to "meaningfully disclose" the identity of Defendant, as required by 15 U.S.C. §§ 1692b(1) and 1692d(6).

12. Defendant's message failed to state that collector was confirming or correcting location information, as required by 15 U.S.C. § 1692b(1).

### Defendant's Communications with Plaintiff

13. On March 15, 2012 Plaintiff returned Defendant's call. The ensuing conversation with Defendant was a "communication" as that term is defined defined by 15 U.S.C. § 1692a(2).

14. Defendant stated he was calling regarding Plaintiff's file which was "pending litigation."

15. Defendant threatened to "keep calling [Plaintiff's] boss" until the debt was paid, violating 15 U.S.C. §§ 1692d, 1692d(2), 1692e(5), and 1692f.

16. Defendant failed to identify as a debt collector attempting to collect a debt, as required by 15 U.S.C. § 1692e(11).

17. Defendant's communication employed false and deceptive means for the purpose of collecting a debt, violating 15 U.S.C. § 1692e(10).

18. Defendant failed to meaningfully identify himself, as required by 15 U.S.C. §1692d(6).

### Violation of The Fair Debt Collection Practices Act

19. The conduct of Defendant constitutes numerous violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692c(b), 1692d, 1692d(2), 1692d(6), 1692e(5), 1692e(10), 1692e(11) and 1692f amongst others.

## Respondeat Superior Liability

20. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

21. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

23. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

24. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

25. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE

## FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

30. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

31. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

32. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated: June 1, 2012            MARTINEAU, GONKO & VAVRECK, PLLC

  s/ Mark L. Vavreck
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA    )
                      ) ss
COUNTY OF HENNEPIN    )

AZA PIRIUS, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. I have provided my attorneys with true and correct copies of each and every exhibit, which has been attached to this Complaint.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Aza Pirius

Subscribed and sworn to before me
this 4th day of June 2012.

_____
Notary Public

Beth Ann Shoberg
Notary Public
Minnesota
My Commission Expires January 31, 2014